**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2017-0588, <u>Colleen Smith & a. v. John Freilich</u>, the court on March 30, 2018, issued the following order:**

Having considered the briefs, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, John Freilich, appeals a small claim judgment issued by the Circuit Court (<u>Gordon</u>, J.) in favor of the plaintiffs, Colleen Smith and Scott Smith. We construe his brief to contend that the trial court erred by: (1) adjourning the trial without allowing him to address the evidence presented during a view of the plaintiffs' motor vehicle, thereby violating his right to a fair trial, to due process, and to be heard under the Federal Constitution and this court's rules, including the Code of Judicial Conduct, <u>see</u> <u>Sup. Ct. R.</u> 38; (2) accepting "tainted, corrupted, and/or compromised evidence" in the form of the vehicle; (3) accepting evidence of "faint marks" when the complaint alleged "deep scratches"; (4) allowing the judge to act as "an expert witness of the plaintiffs" by "bas[ing] his decision solely on his interpretation of the evidence"; (5) finding that the vehicle was "brand new"; and (6) considering the vehicle's age in reaching its decision.

It is a long-standing rule that parties may not have judicial review of issues they did not raise in the trial court. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004). It is the appealing party's burden on appeal to provide a record that is sufficient to decide the issues he is raising and to demonstrate that he raised those issues in the trial court. <u>Id.</u>; <u>see</u> <u>Sup. Ct. R.</u> 13(3), 15(3) (if appealing party intends to argue that a ruling is unsupported by or contrary to the evidence, the party shall include a transcript of all evidence relevant to such ruling). Absent a transcript, we assume the evidence was sufficient to support the result reached by the trial court, <u>Bean</u>, 151 N.H. at 250, and review its order for errors of law only, <u>see</u> <u>Atwood v. Owens</u>, 142 N.H. 396, 397 (1997). These rules are not relaxed for self-represented parties. <u>See</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56-57 (2006).

In this case, the defendant has not supplied a transcript of the hearing before the trial court. Thus, we cannot determine what evidence was offered, what arguments were raised, or what procedure was followed. <u>See</u> <u>Bean</u>, 151 N.H. at 250. Therefore, we assume that the evidence was sufficient to support

the trial court's determination.  <u>Id</u>.  We review the trial court's order for errors of law only, <u>see</u> <u>Atwood</u>, 142 N.H. at 397, and find none.

<u>Affirmed</u>.

Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,
Clerk**
